LOBRANO, J.,
dissents with reasons.
hi respectfully dissent.
I would reverse the judgment of the district court. I find that the district court committed a legal error in its reading and application of the Louisiana Genetic Information Non-Discrimination Act, La.Rev. Stat. 22:1023. The language of the statute is clear and unambiguous and does not lead to absurd consequences.
La.Rev.Stat. 22:1023(A)(10) provides that the term “individual” when used in Section 1023 shall mean “the source of a human tissue sample from which DNA sample is extracted or genetic information is characterized.” Section 1023 applies only to an individual who is the source of a tissue sample from which a DNA sample is extracted or to an individual who is the source of a tissue sample from which genetic information is characterized.
The Appellee, Jane Doe, contends that she was the source of a tissue sample in 1994 when she underwent a single test related to Marfan syndrome, “immunofl-uorescence checking for the fibrillin,” which was performed at the request of her physician. As noted by the majority, the results of this test were inconclusive. According to facts stipulated to by the parties, the Appellants, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield |2(“Blue Cross”) first learned of this test from the Appellee during the course of this litigation.
It is undisputed that Jane Doe did not undergo any type of testing involving a tissue sample from which a DNA sample was extracted. Instead, Jane Doe avers that she was the source of a human tissue sample from which genetic information was characterized, and thus, she qualifies as an “individual” within the purview of Section 1023. According to the Appellee, the immunofluorescence testing was performed in an “attempt to characterize her condition” by identifying the presence or absence of a genetic characteristic, namely the “misfolding of the protein fibrillin — 1.”
Blue Cross contends that Jane Doe’s genetic information was not characterized. The first facet of Blue Cross’s argument is that the insurance regulations contained in Louisiana Administrative Code, Title 37, Chapter 45, Sections 4501 to 4515 preclude such a reading of La.Rev.Stat. 22:1023. These Sections of the Administrative Code were promulgated by the Commissioner of Insurance pursuant to La.Rev.Stat. 22:213.7, the predecessor statute to Section 1023, which was renumbered in 2008. The parties stipulated at trial that the regulations contained in Sections 4501 to 4515 of the Administrative Code govern this litigation.
Blue Cross relies on Section 4505, which provides that “[gjenetic information does not include the medical history of an individual insured or applicant for health care coverage.” LAC 37:XIII.4505. This Section states that the “determination of a genetic characteristic shall not include any diagnosis of the presence of disease, disability, or other existing medical condition.” See id. The definition of “individual” contained in Section 4505 is identical to that contained in La.Rev.Stat. 22:1023(A)(10). According to Blue Cross’s argument, Jane Doe cannot qualify as an individual because no genetic information or genetic ^characteristics as defined by these regulations were provided to or disclosed by Blue Cross.
*140 The essence of Blue Cross’s remaining arguments is aimed at the lack of any link between the testing at issue and Blue Cross’s alleged actions disclosing Jane Doe’s genetic information to its underwriters. According to Blue Cross, the immu-nofluorescence testing did not lead to any diagnosis, the result was not provided to Blue Cross, and Blue Cross was unaware of the testing until it was brought to Blue Cross’s attention by Appellee’s attorney. I agree.
Jane Doe was not a source of any type of tissue sample of which Blue Cross was aware before this litigation commenced. This lack of awareness on the part of Blue Cross demonstrates a lack of causation between the human tissue sample and any alleged disclosure at issue in this litigation. Additionally, the results of the testing were inconclusive. Even so, the testing was aimed toward discovering the presence of proteins in an effort to form a diagnosis. The diagnosis of an existing medical condition does not equate to the determination of a genetic characteristic as set forth in Section 4505, which administrative regulations the parties stipulated to govern this litigation.
When considering the undisputed facts stipulated to by the parties, I cannot find that the 1994 tissue sample resulted in the characterization of any genetic information.
Accordingly, Jane Doe does not satisfy the definition of “individual” set forth in Section 1023. Thus, the Louisiana Genetic Information Non-Discrimination Act does not apply in this case.